**Chuan Chi LIAN, Petitioner,**

v.

**Mark R. FILIP,[1] Acting Attorney General of the United States, Respondent.**

**No. 07–5152–ag.**

United States Court of Appeals, Second Circuit.

Jan. 27, 2009.

Robert Adinolfi, Louis & Adinolfi, LLC, New York, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General, Civil Division, Michelle Gorden Latour, Assistant Director, Brendan P. Hogan, Office of Immigration Litigation, Washington, DC, for Respondent.

Present: GUIDO CALABRESI, ROBERT A. KATZMANN, PETER W. HALL, Circuit Judges.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Acting Attorney General Mark R. Filip is substituted automatically for former Attorney General Michael B. Mukasey as the respondent in this case.

## SUMMARY ORDER

Chuan Chi Lian, a native and citizen of the People's Republic of China, seeks review of an October 31, 2007 order of the BIA denying his motion to reopen his removal proceedings. *In re Chuan Chi Lian*, No. A77 911 587 (B.I.A. Oct. 31, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam).

We conclude that the BIA did not abuse its discretion in denying Lian's motion to reopen. The Immigration and Nationality Act ("INA") and its implementing regulations provide that an individual must file a motion to reopen within ninety days of the issuance of a final administrative order of removal. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). These limitations, however, do not apply when the motion to reopen is filed in order to apply for asylum or withholding of removal based on changed circumstances arising in the individual's country of nationality if he presents material evidence that was unavailable and undiscoverable at the time of his previous hearing. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii). Here, it is undisputed that Lian's motion to reopen was untimely.

While the BIA found that Lian failed to establish changed circumstances in China, Lian argues that the Seventh Circuit's decision, *Yi–Tu Lian v. Ashcroft*, "itself is material evidence of changed conditions...." That argument is meritless. As the BIA properly noted in its decision, that case arose in the Seventh Circuit and is not binding precedent on this Court. Additionally, nothing in *Lian* suggests that circumstances in China have changed for persons who departed illegally from the country. Indeed, the petitioner in that case sought direct review of the agency's denial of his claim for CAT relief, not the denial of a motion to reopen. 379 F.3d 457, 458 (7th Cir.2004). The Court in *Lian* was thus never presented with the question of changed circumstances in China, nor did it make any such findings.

Lian also asserts that the BIA should have taken administrative notice of the documents that the Court considered in *Lian*, but the only authority that he cites to support that argument is 8 C.F.R. § 1003.1(d)(3)(iv). His reliance on that regulation is misplaced. While 8 C.F.R. § 1003.1(d)(3)(iv) permits the BIA to take administrative notice of certain facts and documents, it does not require the BIA to take administrative notice of documents that are not in the record. Nor will we remand a case to order the BIA to consider evidence that is not in the record. *See Xiao Xing Ni v. Gonzales*, 494 F.3d 260, 262 (2d Cir.2007).

Because Lian's failure to demonstrate that his motion to reopen qualifies for an exception to the ninety-day filing deadline for such motions is dispositive of his petition for review, we find it unnecessary to consider any of his other arguments.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).